JOHN T. JOHNSTON et al. *v.* DICK, HILL & McLEAN.

It is well settled, that an absolute conveyance of property by a person at the time largely indebted, especially where the indebtedness is about to ripen into judgments, and the subsequent possession and continued enjoyment of the property by him who conveys it, creates such a presumption of fraud, as will require clear and satisfactory proof of the fairness of the transaction :—
*Held*, that this presumption becomes the stronger when it appears that the conveyance was made to near relatives, who were themselves at the time laboring under equal if not greater embarrassments.

The fact that a full price was agreed to be paid for the property in such a case, is not alone sufficient to rebut the presumption of fraud.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The opinion of the court contains substantially the facts of the case.

*McBride*, for appellants,

Johnston et al. *v.* Dick, Hill & McLean.

Filed an elaborate written argument, giving an exposition of the facts of the case.

*A. Burwell* for appellee.

By reference to the bill and answers of defendants, Johnston, Woodward & Prewett, it will be seen that this is a contest between them and Dick, Hill & McLean.

Johnston, Woodward & Prewett, as judgment creditors of Henry & T. H. Christmas, seek to subject certain negroes to the payment of their debts. Dick & Hill, as mortgagors of the same property contest this, and say that the property is liable to their mortgage and is not liable to the debts of the judgment creditors. It must be noticed that the judgments of Johnston, &c., &c., are not against Richard Christmas, or W. B. Norfolk; hence all the charges in the answers in regard to the fraudulent conveyance by Richard Christmas to D. L. Horne, and the will and other exhibits in relation thereto, have really no connection whatever with the case.

It appears that in 1840, before these judgments were rendered, H. & T. H. Christmas sold and conveyed the estate to Richard Christmas & Norfleet. The notes given for the purchase-money were transferred by the payees to Dick & Hill in discharge of a large debt due to them. These notes are secured by the mortgage to foreclose which the bill was filed. The only fraud of which the judgment creditors could complain, must be connected with the sale of the property by H. & T. Christmas to Christmas & Norfleet. Their deed and the mortgage to them were duly filed and recorded, and it was well known in the neighborhood that the sale had been made. See depositions of Ricks & Simeons. It is not pretended that Dick & Hill are not *bonâ fide* holders of the notes; nor that they had notice of the alleged fraud. But further the sale is shown to be fair and for full value.

John Simmons proves that the terms of sale were usual and customary. Allen, and various others, prove that Richard Christmas had ample means to buy the property, and that the purchase was not beyond his means.

Johnston et al. *v.* Dick, Hill & McLean.

The defendants, Henry & T. H. Christmas, both swear in their answers that Richard did buy the property in good faith.

The depositions of Chas. Scott, Allen, Tappan, Hilliard, &c., show that Richard had paid large sums for his brothers.

The only circumstance against the proof of fair dealing, is that Richard permitted his brothers to remain on the place, and did not turn them off immediately after his purchase. I may safely admit that such conduct, unexplained, would raise the presumption of fraud; and contend that this presumption is fully met by the proof of full value paid and legal title fairly acquired.

This is a question of fact entirely, if the court differs with me as to the point that Dick & Hill being *bonâ fide* holders cannot be affected. The proof does not, it seems to me, require this court to decide that what seems to be a fair transaction, is fraudulent. Possession by the vendor is not absolutely and conclusively fraudulent; but it may throw the burden of proof on the vendor under the circumstances of the case. This is the most that is contended for.

It appears that Richard Christmas purchased this very estate from B. Hudnall and sold it on credit to his brothers. They became indebted to Dick & Hill (doubtless out of this very transaction) to the amount of near $60,000. If Richard had means and credit to purchase and to sell, how can it be pretended that he could not repurchase, especially as it is shown that his brothers owed him say twenty thousand dollars, and he was bound as security for them on various debts subsequently paid, or arranged by him to the full amount, at least, of the note not transferred to Dick & Hill. This pretence of inability of Richard is not sustained by the proof, voluminous as it is.

This seems to me a question depending on the proofs, and it is almost impossible to give the evidence in the shape of an abstract or brief. The abstract of Johnston's counsel refers to the proofs, but I think the positions taken not sustained by the record, and to weigh the testimony it is necessary to read the whole of it.

As to the point now relied on that Dick & Hill can only recover $16,600, that cannot avail in this suit.

1st. It is immaterial what Dick & Hill gave for the debts, so far at least as the judgment creditors are concerned.

2d. If the property belongs to Richard Christmas, he alone is entitled to the benefit of the difference.

3d. Dick & Hill were indorsers on the notes, and might repossess themselves of them by purchase. If any one lost by the transaction, it was the Merchants Bank, for which the litigants are not guardians. Besides the accounts between Dick & Hill and Richard Christmas are not before this court, and could not be under any of the pleadings in this cause, and the court is now called on to decide in the dark, as to the state of these accounts.

Much of the testimony is not applicable to any case before this court. The creditors have not filed their bill to set aside the conveyances, nor to get any surplus that may remain after paying off the mortgage. The only ground on which this court could reverse, would be, that the mortgage was fraudulent; if not fraudulent, Dick & Hill are entitled to foreclose, and the decree is right. This seems inconsistent with the position that as to $16,600, it is fair, and as to the balance, fraudulent. The pleadings and proofs are not shaped with a view to any such issue.

Dick, Hill & McLean did not apply for a receiver, or to foreclose the mortgage until they became the holders of the notes, and had a legal right to make such application. This is a satisfactory reply to the complaint on that subject.

Mr. Justice FISHER delivered the opinion of the court.

The appellees filed this bill in the superior court of chancery to foreclose a mortgage executed by Richard Christmas and William B. Norfleet, to Henry and Thomas H. Christmas, on the 11th of February, 1840, to secure them in the payment of certain promissory notes therein specified, which notes, it is alleged, were transferred to the complainants, in virtue of which they claim to be the equitable assignees of the mortgage.

The contest is between the complainants as equitable assignees of the mortgage, and the appellants as judgment creditors of Henry and Thomas H. Christmas. Executions

having issued upon the judgment of these creditors, were levied upon a portion of the slaves embraced in the mortgage. The bill charges that the mortgaged property will not be more than sufficient to pay the notes held by the complainants, and therefore prays that the several executions, so far as said property is concerned, may be perpetually enjoined.

The answers of the several defendants interested in this part of the controversy, allege that the mortgage and the transaction out of which it grew, were made and designed by the several parties thereto, to hinder, delay, and defraud the creditors of the said Henry and Thomas H. Christmas, and hence it is void as to their creditors.

The facts as disclosed by the pleadings of the parties are these: Henry and Thomas H. Christmas on the 11th of February, 1840, sold to Richard Christmas and William B. Norfleet a plantation, slaves, and other personal property thereon, in Madison county, for the sum of $80,000. About $20,000 of which sum was paid in cash at the time. To secure the payment of the balance, the notes and mortgage now in controversy were given. It is very clearly established that the sum agreed to be paid, was a full and fair price for the property. But it is alleged and proved by the depositions taken in the cause, that the vendors, notwithstanding the sale, continued in the uninterrupted possession, control, and management of the property, treating and using it in all respects as absolute owners do their property. They appear thus to have been in possession at the time the bill was filed. It is further established by the evidence, that the vendors, Henry and Thomas H. Christmas, were at the time of the sale, not only embarrassed, but were actually insolvent. Suits for large amounts were then depending in the United States court at Jackson, and in the circuit court of Madison county. The same allegation is made in regard to Richard Christmas, and it may be said, sustained by the same proof. Norfleet is shown to have been entirely destitute of means.

Under this statement of the facts, there can be but little difficulty in applying the principles of law which must be decisive of the controversy. It is now too well settled to admit of argu-

24 *

ment, that an absolute conveyance of property by a person at the time largely indebted, especially when this indebtedness is about to ripen into judgments, and his subsequent possession and continued enjoyment of the property create such a presumption of fraud, as to require clear and satisfactory proof of the fairness of the transaction. This presumption becomes the stronger when it appears that the conveyance was made, as in this instance, to near relatives, who were themselves at the time laboring under equal, if not greater, embarrassments. The fact that a full price was agreed to be paid for the property, is not alone sufficient to rebut the presumption of fraud. The facts affording the evidence in this respect must be explained. The possession and acts indicating absolute ownership, must be shown to be consistent with the title of the parties, or the *bona fides* of the transaction. There is nothing in the whole evidence which negatives the presumption of Henry and Thomas H. Christmas having received and appropriated to their own use the entire income of the property.

We are, therefore, of opinion that the fraud is fully established.

The complainants under the decision in the case of *Douglass et al.* v. *The Farmers Bank of Virginia*, 11 S. & M. 469, occupy no better situation than the parties through whom they claim title. The fact that they are innocent purchasers in transactions of this kind, is not sufficient to give them the benefit of the mortgage against creditors whose claims are equally meritorious. One creditor can only acquire an advantage over another by a lien created by law, or a preference given by the debtor, entirely free from all fraud.

Decree reversed, and bill dismissed, so far as it affects the judgment creditors of Henry and Thomas H. Christmas.