58  843
73  571

## E. JOSEPH ET AL. *v.* L. LEVI & Co.

1. FRAUDULENT CONVEYANCE. *Deed of trust on stock of goods.*
   A deed of trust on a stock of goods, which provides for the retention of possession by the grantor, with power to sell and replenish the goods in the usual course of his business, is upon its face fraudulent and void as to his creditors ; and such effect cannot be avoided by a stipulation in the deed for monthly accounts to be rendered to the trustee, and for payment to him of the money received, to be applied, under his direction, to the payment of the current expenses of the business and in making purchases to replenish the stock.

2. ATTACHMENT. *Ground therefor. Fraudulent conveyance.*
   The execution by a debtor of a deed of trust upon his property, which is *per se* fraudulent as to his creditors, is a good ground for attachment.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

On the 23d of March, 1881, S. Kaiser & Bro., merchants, executed to E. Joseph, as trustee, a deed of trust upon their entire stock of goods, and all additions to be made,thereto during the year 1881, and upon all of the notes and accounts due them, or that should be taken by them or made with them in their business during the year 1881. The deed purported to be for the purpose of securing a note for $10,000, due by the grantors to their father, Isaac Kaiser, dated May 15, 1878, and due the 15th of May, 1880. The condition of the deed was that if the debt should not be paid by the 1st of January, 1882, then the trustee should take possession of the property, sell the same, and apply the proceeds to the payment of the debt. The deed contained the stipulation that the grantors should remain in possession of the property until condition broken, " and carry on the business of retail merchants, buying and selling, and conducting their business as heretofore."

On the 30th of March, 1881, L. Levi & Co. sued out an attachment against S. Kaiser & Bro., on the ground that they had " assigned or disposed of, or are about to assign or dispose of, their property, or rights in action, or some part thereof, with intent to defraud their creditors." The writ was levied upon the goods covered by the deed of trust, they being still in the possession of Kaiser & Bro. E. Joseph claimed the goods, which were delivered to him upon his giving the bond required. The issues on the attachment and as to the debt were decided for the plaintiffs ; and the claimant's issue was also decided in favor of the plaintiffs in attachment. The court instructed the jury, in effect, upon the trial of the plea in abatement, that the deed of trust was on its face fraudulent, and warranted the attachment ; and upon the claimant's issue, that the deed of trust, being *per se* fraudulent, conferred no title on Joseph. The defendants and the claimant appealed from the respective judgments against them, and the two appeals were submitted to this court together.

*C. P. Neilson*, for the appellants.

1. The deed of trust is not fraudulent upon its face, and void. *Gay* v. *Bidwell*, 7 Mich. 509 ; *Cheatham* v. *Hawkins*, 76 N. C. 335 ; *Hughes* v. *Cory*, 20 Iowa, 399 ; *Grogins* v. *Gillmore*, 47 Me. 9 ; 2 Metc. 258 ; 3 Metc. 515 ; 8 Md. 301 ; 11 Md. 452 ; 46 Md. 541 ; 16 Gray, 597 ; 2 Pick. 607 ; 7 Mich. 108 ; 34 Mich. 418 ; 35 Mich. 231 ; 57 Mo. 404 ; 20 Ohio St. 110.

2. Fraud, in law, is not alone a ground for attachment. To authorize an attachment, there must be in the mind of the debtor an intent to defraud his creditors.

3. The judgment on the claimant's issue is erroneous in requiring the restoration of the whole of the property or the payment of its aggregate value, and not allowing the claimant to pay for any particular article lost or destroyed, and to return the others.

*Nugent & McWillie*, for the appellees.

The deed of trust executed by S. Kaiser & Bro. bears upon its face everything necessary to warrant its designation as a fraud, in contemplation of law. *Harman* v. *Hoskins*, 56 Miss. 142.

CAMPBELL, J., delivered the opinion of the court.

Because of their susceptibility of abuse, by reason of the ease with which they may be employed for wrong purposes, to the injury of creditors, many courts have condemned, as fraudulent and void, mortgages and deeds of trust on stocks of merchandise which provide for the retention of possession by the maker of the instrument, with power to sell and replenish the goods in the usual course of such business.

This court has committed itself to this view. *Harman* v. *Hoskins*, 56 Miss. 142.

The instrument under consideration shows an effort to avoid objection to it, by stipulating for monthly accounts of the business to be rendered to the trustee, and for payment to him of the money received, to be applied under his direction to the maintenance of the business, by payment of current expenses

and making purchases to replenish the stock; but, as the money was not to be applied to the discharge of the debt secured by the terms of the deed of trust, and was to be kept in the business, the instrument is not distinguished from those which have been held to be incurably vicious and void.

The deed of trust being fraudulent *per se*, its execution was ground for an attachment. *Roach* v. *Brannon*, 57 Miss. 490.

The fair interpretation of the judgment is that it is for the value of the several articles, as shown by the schedule of them, aggregating the total of $3,500. The defendant is entitled to discharge himself *pro tanto*, by surrendering any of the articles embraced in the schedule, at the value therein attached to such article.

Affirmed.