ACME LUMBER CO. ET AL. v. HOYT & BROS. CO. ET AL.

1. FRAUDULENT CONVEYANCE. *Trust-deed. Property consumable in use. Reservation.*

A trust-deed of its lands, the most valuable part of its assets, and chiefly valuable because of the timber, executed by a company engaged in converting the timber into lumber is *per se* fraudulent as to creditors, where the debts secured do not mature for five years, and where the deed reserves to the company the right to prosecute its business in the usual manner, and, after paying interest on the debts secured, to distribute its income to the stockholders. *Harman* v. *Hoskins*, 58 Miss., 142.

2. SAME. *Mortgage void on its face. Bona fide purchaser.*

Where a mortgage is void on its face, the beneficiaries thereof cannot occupy the relation of *bona fide* purchasers. *Johnston* v. *Dick*, 27 Miss., 277.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

The Hoyt & Bros. Co. and other creditors of the Acme Lumber Company, a corporation, filed the bill in this case to cancel as fraudulent a trust-deed executed by said lumber company.. The deed had been executed to secure the payment of certain bonds issued by the company, and the holders of the bonds were made parties defendant. The facts sufficient to illustrate the question passed on by the court appear in the opinion. Decree for complainants, and defendants appeal.

*Miller & Baskin*, for appellant.

The fact that the bonds were not due until five years does not render the mortgage void. *Lord* v. *Yonkers*, 99 N. Y., 547. In that case the bonds secured by a mortgage did not mature for ten years. The cases in this state relied on by appellee and cited in their brief are virtually overruled in *Barkwell* v. *Swan*, 69 Miss., 907. The reason is, that under our present statute an unsecured creditor may subject the

equity of redemption. We submit that *Arthur* v. *Bank*, 9 Smed. & M., 394, has been modified, if not overruled, by the case of *Richardson* v. *Marqueze*, 59 Miss., 80. There is a broad distinction between an assignment and a mortgage. Great indulgence is shown by the courts to special and particular arrangements, whereby a debtor secures his creditor by any instrument other than an assignment. *Selleck* v. *Pollock*, 69 Miss., 870.

The mortgage in this case does not come within the condemnation of *Harman* v. *Hoskins*, 56 Miss., 142, and *Joseph* v. *Levy*, 58 *Ib.*, 843. These cases have been frequently reviewed, and their application confined to the particular facts. That lumber is not consumable in its use and perishable, in a legal sense, see *Goodman* v. *Moss*, 64 Miss., 303. See also *Baldwin* v. *Little*, 64 Miss., 126; *State* v. *Hemingway*, 69 *Ib.*, 491.

*Hamm, Witherspoon & Witherspoon*, for appellees.

The deed of trust is fraudulent on account of the long time which the bonds had to run before foreclosure. It is settled that a mortgage given to secure an antecedent debt which is extended five years is fraudulent and void. *Bank* v. *Douglass*, 11 Smed. & M., 469; *Henderson* v. *Downing*, 24 Miss., 106. The trust-deed is fraudulent also because it conveys property consumable in its use, and provides that the grantor shall retain, occupy and use the property. It is not necessary to cite authorities to sustain this position.

Again, we insist that the deed of trust is void, because it reserves a benefit to the grantor, and shows an evident purpose to enable it and its stockholders to get the benefit of the company's business without being arrested by creditors. *Barkwell* v. *Swan*, relied on by appellant, presents a totally different case. In that case the period of exemption was only two years, and absolute possession was taken from the grantor and given to the grantee. The contention that, under our present statutes, the equity of redemption can be

sold, is not sufficient to relieve this trust-deed of its fraudulent character, for, not only is the property consumable in its use, but the instrument provides that, in case of default, where the default continues for three months, the trustee shall, upon request of the holders of a majority of the outstanding bonds, take possession of the mortgaged property, and operate it until the default should be made good out of the proceeds of the operation of the mill. Moreover, the income, after paying the interest on the bonds, is to be appropriated to the stockholders. It is clear that the equity of redemption left in the hands of the grantor with such provisions as these would be worth nothing. The very uncertainty as to what the equity of redemption would amount to, would render it valueless. The company must have known that the use of its property for five years, during which time the land would be denuded of its timber, would leave little or nothing to be sold to satisfy the bonds. It is clear that the mortgage was not intended as a security for the bonds, but as a fraud upon creditors.

COOPER, J., delivered the opinion of the court.

We are of opinion that the decree of the court below upon the principal question involved must be affirmed, but upon grounds different from that upon which the chancellor rested his conclusions. He was of opinion that the deed of trust executed by the Acme Lumber Company was valid upon its face, but that there was fraud in fact, either in the execution of the trust-deed and the bonds it was given to secure, or in the use to which the bonds were devoted, and, for this reason, annulled the deed. In our view, the trust-deed was void in law, regardless of any actual fraudulent intent on the part of the grantor.

The Acme Lumber Company was an incorporated company, organized for the specific purpose of manufacturing lumber. Its property consisted of machinery necessary for the prosecution of its business, and some other personalty,

and of timber lands and timber rights upon leased lands. It was indebted to various persons to the amount of between twenty-five and thirty thousand dollars, most of which was overdue, and many of its creditors were prosecuting suits for the recovery of their demands. In this condition of affairs, it executed a trust-deed upon all its property to secure the payment of bonds aggregating twenty-five thousand dollars, bearing interest from date, and due five years thereafter, with the right reserved of calling in the bonds after two years. By express provision of the deed, the right was reserved to the company to prosecute its business in the usual manner, and, upon payment of the interest upon its bonds as it became due, to distribute the remainder of its net income as dividends among the stockholders. As the business of the company consisted in converting growing timber into lumber for sale, it is evident that the effect of the arrangement made would be to convert the most valuable part of its assets—the growing timber—into money, and distribute the same to the stockholders, to the exclusion of the rights of its creditors.

It is well settled in this state that the mortgage of property consumable in its use, with the reservation of possession by the mortgagor, is *prima facie* fraudulent, and, if the mortgage reserves to the mortgagor the right to use such property, it is *per se* fraudulent. *Farmers' Bank* v. *Douglass*, 11 Smed. & M., 469; *Ewing* v. *Corgill*, 13 *Ib.*, 79; *Harman* v. *Hoskins*, 56 Miss., 142. And where a mortgage is void on its face, the beneficiaries thereof cannot occupy the relation of *bona fide* purchasers. *Farmers' Bank* v. *Douglass, supra; Johnston et. al.* v. *Dick et al.*, 27 Miss., 277.

We have examined such of the claims of the complainants as have been specially objected to by counsel for appellant, and find no error in their allowance.

*The decree is therefore affirmed.*