### In re WRIGHT & WEISSINGER.

(District Court, N. D. Mississippi, Delta Division. December 9, 1921.)

1. **Bankruptcy ⬌191(½)—State purchase-money lien statute held not to confer lien superior to trustee's claim.**

   Where shoes were sold to a retail dealer, who subsequently became bankrupt, the seller *held* not to have a lien superior to the claim of the trustee in bankruptcy, under Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), conferring a purchase-money lien on personal property while in the hands of the first purchaser, or one deriving title or possession through him with notice that the purchase money was unpaid, where the sale was made to the retail dealer for the purpose of resale with the knowledge and consent of the seller.

2. **Bankruptcy ⬌200(3)—Attachment suit held discharged by bankruptcy.**

   Where seller, claiming purchase-money lien under Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), sued the buyers and attached the goods, within 4 months of the buyers filing petition in bankruptcy, the property was "wholly discharged and released" by the adjudication in bankruptcy, and passed to the trustee as part of the bankrupt's estate under Bankruptcy Act, § 67f (Comp. St. § 9651); the goods sold being intended for resale, and hence not coming within the protection of the statute.

3. **Bankruptcy ⬌143(1)—Title and rights taken by trustee stated.**

   Since a trustee in bankruptcy takes, not only the title of the bankrupt to all property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied on and sold under judicial process against him, but also the rights of a creditor holding a lien by legal or equitable proceedings thereon, under Bankruptcy Act, § 47a2, as amended, and section 70 (Comp. St. §§ 9631, 9654), shoes sold to a bankrupt pass into the trustee's possession as property which the bankrupt "could by any means have transferred"; the shoes being intended for resale to customers under the implied consent of the seller.

4. **Bankruptcy ⬌189—Deeds fraudulent as against creditors are also fraudulent as against trustee.**

   Where shoes are sold to a retail dealer, who subsequently becomes a bankrupt, any deed of trust or other contractual lien on such shoes, where fraudulent and void as against creditors, would also be fraudulent and void against the trustee in bankruptcy.

5. **Bankruptcy ⬌188(1)—To be preserved by Bankruptcy Act, lien must have been given or accepted in good faith.**

   In order for a lien to be preserved by Bankruptcy Act, § 67d, as amended by Act June 25, 1910 (Comp. St. § 9651), it must have been given or accepted in good faith, and not in fraud on the act.

6. **Sales ⬌301—Purchase-money lien statute held not to apply to merchandise held for resale with vendor's consent.**

   Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), giving a purchase-money lien on personal property, does not give a lien by operation of law on merchandise held for resale with the knowledge and consent of the vendor.

**7. Bankruptcy ⟨key⟩191(½)—Consent to resale of merchandise held waiver of lien as against trustee.**

By consenting to a resale of goods prior to their delivery to the merchant, and selling them to him for that purpose, a vendor of merchandise waives the benefit of Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), giving a purchase-money lien on personalty, so that he can acquire no lien which can prevail as against the trustee in bankruptcy of the purchaser.

**8. Bankruptcy ⟨key⟩215—Burden to establish lien as against trustee is on claimant.**

Where a seller of merchandise to a retail dealer, who subsequently becomes bankrupt, claims a lien on the merchandise under a state statute which has no extraterritorial effect, the burden is on the claimant to establish the lien, and such burden is not sustained where it does not appear that the sale was not consummated and title perfected in the purchasers in another state.

In Bankruptcy. Proceeding by the Brown Shoe Company to enforce a claim against Wright & Weissinger, bankrupts. A decision adverse to claimant was entered by the referee, and claimant petitions for review. Decree on referee's decision ordered.

Marcus L. Kaufman, of Rosedale, Miss., Douglas E. Beams, of Shaw, Miss., and A. M. Maxson, of Clarksdale, Miss., for trustee and creditors.

Chambers & Trenholm, of Jackson, Miss., for Brown Shoe Co.

HOLMES, District Judge. On January 27, 1921, the Brown Shoe Company, of St. Louis, Mo., filed suit in the circuit court of Bolivar county, Miss., against Wright & Weissinger, merchants doing business in said county, for the balance due on the purchase price of certain shoes, which were purchased for the purpose, with the knowledge and consent of the seller, of being resold at retail in the mercantile business of the buyers. In said suit the plaintiff claimed a lien on the shoes for the purchase money under a state statute. In accordance with the procedure provided in such cases, a writ of seizure was issued, commanding the sheriff to seize the property and deal with it as in the case of an attachment for debt. Under this writ the sheriff seized 278 pairs of shoes and had them in his possession at the time of the adjudication in bankruptcy.

On February 2, 1921, Wright & Weissinger filed a voluntary petition in bankruptcy, and were duly adjudicated bankrupts. Thereafter a trustee was duly elected, and claimed title to said shoes, free from any lien for purchase money. Under an order of the bankruptcy court the trustee took the shoes out of the possession of the sheriff, and the same were sold by the trustee under an agreement between the parties that the proceeds thereof should stand in lieu of the shoes. The Brown Shoe Company filed its duly verified claim, and petitioned the court for priority over the general creditors as to the said proceeds because of its alleged lien for purchase money.

An issue was made up and trial had before the referee, and the referee held that the seller had no lien for the purchase money, because

the goods were sold to retail dealers for the purpose of resale with the knowledge and consent of the seller, and that the Mississippi purchase-money lien statute did not apply, but that, even if it did apply, the lien was cut off in this case by the Mississippi sign statute.

[1, 2] The case comes before me on petition to review the decision of the referee. I shall not discuss the applicability of the sign statute (section 4784, Code Miss. 1906), because I agree with the referee that the seller in this case never obtained any lien on the shoes for the purchase money which is superior to the claim of the trustee in bankruptcy. The question for decision is not affected by the prior proceedings in the state court, as the lien asserted is one created by statute, and not by the suit in the state court. That suit having been brought and the attachment levied within four months of the filing of the petition in bankruptcy, the property affected was "wholly discharged and released" by the adjudication in bankruptcy, and passed to the trustee as a part of the estate of the bankrupt under subdivision (f) of section 67 of the Bankruptcy Act (Comp. St. § 9651).

The statute relied on is section 3079, Code Miss. 1906 (section 2436 of Hemingway's Code), and reads as follows:

"*Purchase Money—Lien on Personal Property.*—The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid."

It must be conceded, if the property in question were fixtures or other articles not intended for resale, that the statute would give the seller a lien for the purchase money not affected by the Bankruptcy Act. Norris v. Trenholm, 209 Fed. 827, 126 C. C. A. 551, 31 Am. Bankr. Rep. 353. The sole difference between this case and Norris v. Trenholm, supra, consists in the fact that the shoes here constituted part of a stock of merchandise held for sale, and were bought with the knowledge and consent of the seller for the purpose of resale in the mercantile business.

[3] In a contest between the buyer and the seller, in a suit to enforce a lien for the purchase money, this fact might not be sufficient to defeat the lien. It is not necessary here to decide that question, because this is a contest between the vendor and the trustee in bankruptcy, whose rights and remedies are superior in some respects to those of the bankrupt. The trustee took, not only the title of the bankrupt to all property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him, but also the rights of a creditor holding a lien by legal or equitable proceedings thereon. Section 47a2, as amended, and section 70 of the Bankruptcy Act (Comp. St. §§ 9631, 9654); Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268–275, 36 Sup. Ct. 50, 60 L. Ed. 275; Gillaspy v. International Harvester Co., 109 Miss. 136, 67 South. 904.

Disregarding the proceedings in the state court, in so far as the levy and attachment affected the property in controversy, it is clear that the shoes in question were property which prior to the filing of the petition the bankrupt "could by any means have transferred." This

is true, because they were sold for the purpose of being transferred—that is, sold—to customers. If further light be needed as to the meaning of the word "transfer," there is a declaration in Bankruptcy Act July 1, 1898, 30 Stat. 544, 545, § 1, cl. 25 (Comp. St. § 9585), that the word "transfer" shall be taken to include every mode of disposing of or parting with property. It is clear, therefore, that as Wright & Weissinger had the implied consent of the Brown Shoe Company to resell these shoes, and their customers would have taken the shoes free from any lien, the trustee in bankruptcy, under said section 70, was vested by operation of law with title to them as "property which prior to the filing of the petition he could by any means have transferred." As, however, under said section 47a2, the trustee has all the rights of a creditor holding a lien by legal or equitable proceedings, I shall now turn to a discussion of whether or not the claimants have a statutory lien for purchase money superior to creditors so constituted.

[4] Preliminarily, it might be well to observe that a deed of trust or other contractual lien on the shoes in question would be held fraudulent and void as against creditors, and therefore as against the trustee in bankruptcy. Farmers' Bank v. Douglass, 11 Smedes & M. 469; Summers & Brannin v. Roos, 42 Miss. 749, 2 Am. Rep. 653; Harmon v. Hoskins, 56 Miss. 142; Joseph v. Levi & Co., 58 Miss. 843; Britton & Mason v. Criswell, 63 Miss. 394; Tallman & Co. v. Tuttle Bros., 65 Miss. 492, 4 South. 553; Bank v. Caperton, 74 Miss. 857, 22 South. 60; Acme Lumber Co. v. Hoyt, 71 Miss. 106, 14 South. 464; Bank v. Goodbar, 73 Miss. 566, 19 South. 204; Belknap v. Lyell, 89 Miss. 197, 42 South. 799; Newton Oil Co. v. Carr, 97 Miss. 234, 52 South. 353; Dugan v. Beckett, 129 Fed. 56, 63 C. C. A. 498; Egan State Bank v. Rice, 119 Fed. 107, 56 C. C. A. 157; In re Franklin (D. C.) 151 Fed. 642, 18 Am. Bankr. Rep. 218.

Speaking of a deed of trust on a stock of goods, where the grantor retained possession and continued to carry on the business with the consent of the beneficiary, the Supreme Court of Mississippi, in Tallman & Co. v. Tuttle Bros., supra, said:

"The legal effect of the arrangement disclosed by the record was to hinder, delay, and defraud creditors, and the law imputes to it conclusively a fraudulent purpose, without regard to the actual motives of the parties."

In Acme Lumber Co. v. Hoyt, supra, where the deed of trust, in addition to certain personal property, included timber lands and timber rights upon leased lands, the court said:

"As the business of the company consisted in converting growing timber into lumber for sale, it is evident that the effect of the arrangement made would be to convert the most valuable part of its assets—the growing timber—into money, and distribute the same to the stockholders, to the exclusion of the rights of its creditors. It is well settled in this state that the mortgage of property consumable in its use, with the reservation of possession by the mortgagor, is prima facie fraudulent. and, if the mortgage reserves to the mortgagor the right to use such property, it is per se fraudulent."

The rule announced in Acme Lumber Co. v. Hoyt, and similar cases above cited, has been practically abrogated with reference to all chattels, except merchandise, by chapter 243 of the Mississippi Laws of

1920, which authorizes the execution of valid deeds of trust or mortgages on property presently owned or afterwards acquired and on changing chattels (not including merchandise), even though the grantor has no actual or potential interest therein; but the rule announced in those cases remains in full force and effect with reference to merchandise, such as the shoes here in question.

[5] In order for a lien to be preserved by the Bankruptcy Act, under section 67d, as amended by Act June 25, 1910 (Comp. St. § 9651), it must have been given or accepted in good faith, and not in fraud upon the act, and under section 70e the trustee may avoid any transfer which any creditor might have avoided. That a mortgagee who knows that the mortgagor is selling the mortgaged chattels for his own use, and who consents to his doing so, is not a bona fide holder of the mortgage within the meaning of said section 70e, and that the mortgagor's trustee in bankruptcy may have the mortgage set aside as fraudulent and void as to other creditors, was held in Skillen v. Endelman, 39 Misc. Rep. 261, 79 N. Y. Supp. 413, 11 Am. Bankr. Rep. 766. See, also, In re Hallbauer (D. C.) 275 Fed. 126.

So we see that, if this were a contractual instead of a statutory lien, which is here attempted to be asserted, not only would it be void as to creditors, but the trustee in bankruptcy might have the same set aside as fraudulent and void. But the lien here asserted is not contractual. It is entirely statutory, and the language of the statute is broad enough to give the vendor of personal property a lien for the purchase money on a stock of merchandise, unless (1) the meaning of the statute is restricted by the settled jurisprudence of the state, so as not to give a lien in exactly the same state of facts, where such a lien by contract has been repeatedly condemned as fraudulent and void as to creditors, and where under other legislation of the state such a construction would entail absurd consequences not reasonably attributable to the legislative intent; or (2) unless the seller by his conduct has waived the benefit of the statute.

[6] On the first proposition, in addition to what has been said with reference to contractual liens being void under similar circumstances, when we consider the well-known facts that the great majority of stocks of goods are bought on credit, that if there is a lien under the statute it exists during all the time the merchant is retailing the goods, that section 895 of Hemingway's Code makes it a crime to sell any property on which there is a lien of any kind by contract or by law without informing the person to whom he so sells of the said lien, and that merchants daily make such sales without giving the purchaser any information on the subject, we see the logical consequences of the claim that there is a lien by law on the goods of every merchant which are not paid for. We see that either the merchant is guilty of a crime when he sells the goods without informing the customer, or the customer takes the goods subject to the lien. I therefore conclude that the language of the statute is broader than its meaning, and was not intended to give a lien by operation of law on merchandise held for resale with the knowledge and consent of the vendor.

[7] On the second proposition, if it be held that the lien exists and is good between the parties, it is not good as against the trustee in bankruptcy, who occupies the position of a judgment creditor, as well as of a creditor holding a lien by legal or equitable proceedings. By consenting to a resale of the goods prior to their delivery to the merchant, and selling them to him for that purpose, the vendor waives the benefit of the statute, and acquires no lien which can prevail against the claim of the trustee. Any lien which he may have, as between him and the merchant, he is estopped to assert against creditors, and consequently against the trustee. Columbus Buggy Co. v. Turley, 73 Miss. 529, 19 South. 232, 32 L. R. A. 260, 55 Am. St. Rep. 550.

[8] But there is another view of this case. The burden of proof to establish the lien is on the Brown Shoe Company. The act of the Mississippi Legislature can have no extraterritorial effect. Property bought in other states and delivered to the purchaser outside of Mississippi is not affected by the statute under consideration. It does not appear from the record in this case where the contract of sale was made, or whether the shoes were delivered to Wright & Weissinger in the state of Missouri or the state of Mississippi. There is nothing in this record to show that the sale was not consummated and the title perfected in the purchasers in the state of Missouri. The lex loci contractus governs. Erman v. Lehman, 47 La. Ann. 1651, 18 South. 650; Newman v. Cannon, Sheriff, 43 La. Ann. 712, 9 South. 439.

The decision of the referee is correct, and a decree may be entered accordingly