ENRICO E. BONCI *vs.* FRANCIS L. McGOVERN, Deputy Sheriff.

MAY 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This action of replevin was tried before a justice of the Superior Court, sitting without a jury, and is before this court on plaintiff's exception to the decision for the defendant.

The facts are as follows: John Bonci sold his shoe repairing business and stock in trade to the plaintiff, his son, by a bill of sale dated February 21, 1931, the consideration named therein being $100.00. On June 1, 1931, a creditor attached the shoe shop and certain real estate as the property of John Bonci. On June 4 plaintiff commenced this action of replevin to repossess himself of the shop. Defendant claims that the sale to plaintiff by John Bonci was a conveyance in fraud of creditors, such as is rendered void by the provisions of General Laws, 1923, Chapter 297, Section 1.

John Bonci, the vendor of the property, admitted that after the sale of the shop he continued to work there. In answer to the question: "And you have been carrying on the business at the shop on Webster Avenue just the same?" he replied in an unqualified affirmative. On the contrary plaintiff, the vendee, appears to have been elsewhere occupied: about the time of the trial he was engaged in a roofing job, and up to within a week of the trial he had been in the jewelry business.

The evidence indicates an unusual and unexplained retention of possession by the vendor which, as we have held in Mead v. Gardiner, 13 R. I. 257, is presumptive evidence of fraud as against creditors. In that case at p. 259 the court said: "The preponderance of authority and the tendency of the modern decisions seem to favor the rule that the retention of possession by the vendor affords a strong but not conclusive presumption of fraud." In that case there was sufficient evidence to overcome the presumption, but in the case at bar there is little or no evidence to supply a reasonable and satisfactory explanation of the retention of possession by the vendor.

The trial justice found that the transaction was based upon a fraudulent purpose, and this finding is supported by numerous facts including the close relationship between vendor and vendee and the evidence that the vendee, the present plaintiff, was only occasionally employed in the

repair business and had no apparent financial status to warrant his assuming proprietorship of such a business.

In *Johnston* v. *Dick, Hill & McLean*, 27 Miss. 277, these facts were held to create a presumption of fraud so strong as to require a satisfactory proof of the fairness of the transaction to overcome such presumption. In that case at pp. 281, 282, the court held: "'It is now too well settled to admit of argument, that an absolute conveyance of property by a person at the time largely indebted, especially when this indebtedness is about to ripen into judgments, and his subsequent possession and continued enjoyment of the property create such a presumption of fraud, as to require clear and satisfactory proof of the fairness of the transaction. This presumption becomes the stronger when it appears that the conveyance was made, as in this instance, to near relatives, who were themselves at the time laboring under equal, if not greater embarrassments.''

In the instant case the evidence was sufficient to support the finding of the court below that under said chapter 297 the conveyance was made in fraud of creditors. This conclusion renders unnecessary any consideration of the Sales in Bulk Act in relation to the transaction in question.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*John H. Di Stefano*, for plaintiff.

*Jasper Rustigian and Flynn & Mahoney*, for defendant.