## PATTERSON SHARPE et al. v. S. SPENGLER et al.

1. MECHANIC'S LIEN—PRACTICE.—Where, on the trial of proceedings to enforce a mechanic's lien, under the Mississippi statutes, against a building and ground, the jury rendered a verdict for plaintiff, the plaintiff was allowed to waive the verdict against the ground and take judgment against the building only.

2. SAME—PRINCIPLE APPLICABLE TO MECHANICS' LIENS.—The statutes regulating mechanics' liens in this state are to be liberally construed to meet the ends of justice.

ERROR to the circuit court of Warren county. BROWN, J.

Defendants in error filed a petition against Sharpe, Lum and French, to enforce a mechanic's lien on part of lots 157 and 158, and the buildings thereon, and for a personal judgment against Sharpe. The contract for the materials furnished by defendants in error was verbal, and was made by Sharpe in September, 1869. The account for materials was due in January, 1870.

The contract, being verbal, was not susceptible of record. The suit instituted April 5, 1870, was the first step taken by defendants in error to enforce the lien. The petition states that, after this contract was made,

Sharpe conveyed the property to French to secure a debt of $2,320 due to Lum. It is not alleged that Lum had notice of the mechanic's contract, or that he was not a purchaser for value. This deed of trust was made on the 5th March, 1870. Afterward, on the 30th March, 1871, the trustee, French, sold this land under the deed in trust, and conveyed it to Lum. It appears from the deed in trust, that the debt was created at the time of the execution of the deed. There is nothing to show notice to Lum. On the trial, the jury returned a verdict for the plaintiffs, and for a lien generally against all the property. The verdict was rendered on the 3d day of April, 1872, and the judgment of the court was reserved until a future day.

The plaintiffs moved the court, on the 13th April, 1872, for judgment on this verdict for a lien against the buildings, waiving all claim to a lien against the land.

Motion was also made by the defendants to set aside the verdict and the judgment subsequently rendered, which was overruled.

On the 3d of May, 1872, the court entered a judgment in favor of the plaintiffs, declaring them entitled to a lien on the buildings, providing for a sale of the buildings, and a judgment *in personam* against Sharpe for any balance remaining due after the sale.

*Johnston & Johnston* and *Harris & Harris*, for plaintiffs in error.

The court had no power, after a verdict had been received and the jury dismissed, to enlarge or restrict the verdict on motion. If this practice be recognized, the right of trial by jury is, in effect, denied.

If the judgment was so erroneous as to convince plaintiff below that it could not be enforced, he ought to have abandoned it and had a new trial.

The variance between the judgment and the verdict is not assimilated to a case where a verdict for a money demand is excessive, and the plaintiff voluntarily remits that excess, because this was a proceeding *in rem*, under the mechanic's lien law, to subject property to the statutory lien.

*Miller & Birchett*, for defendants in error.

In this case there is no appeal taken from the verdict of the jury, and if the plaintiff in error succeeds, the only judgment which can be given by this court is, that said judgment complained of be set aside, and that judgment be given to conform to the verdict of the jury as rendered in the court below; for the only error assigned is, that the judgment does not agree with the verdict, and there is no pretense that the verdict was not correct, and nothing in the record assailing its correctness; and only upon the matters arising upon plaintiff's motion to remit the verdict as to the land, is there anything tending to show that the verdict was erroneous, and therefore the verdict stands unimpeached; and if the court is of the opinion that to enter a *remittitur* in such a case was erroneous, we ask that the court render a judgment upon said verdict of the jury.

We take the same liberal views as this court has expressed upon questions arising under what is known as the mechanic's lien law, and insist that under the provisions of Code of 1871, § 628, p. 134, and the decision of this court in the case of Weathersly et al. v. Sinclair, 43 Miss. 195–197, we had the perfect right to enter a release in this case, and are satisfied that there is no error in the judgment of the court.

In cases of this kind, as heretofore determined by this court, the rules referred to in the brief for appellants do not apply.

Tarbell, J.:

Proceedings to enforce mechanic's lien on land or buildings. Verdict for plaintiff, declaring a lien upon both building and land. Thereupon, the plaintiff relinquished his right to proceed against the land, and moved the court for judgment against the building only, which was sustained, and judgment accordingly. From this judgment a writ of error was prosecuted, and the sole ground claimed here for reversal is the judgment of the court against the building only, upon the verdict against the land and building. It is enacted in section 1613, Code of 1871, that "the court may set aside verdicts and grant new trials, and give judgment according to the justice of the case" in these proceedings.

Complaint is not made of the verdict, but of the judgment, because not in accordance with the finding of the jury. Even if this were not strictly regular in practice, it is difficult to see how the defendants can be harmed by a judgment for less than the verdict. If the plaintiff consents to accept a judgment against a building when awarded a lien upon land and building by the jury, as in the case at bar, how is this unjust to the defendants? What injury can it work to them? We are unable to perceive either error or injustice in this, and though not strictly within the rule as to the *remittitur* of damages, yet is within its spirit, as it is within the spirit of the rule allowing a discontinuance as to part of an action, and also of amendments.

The statute regulating this proceeding is liberally construed for the ends of justice (§ 1613, Code of 1871; Weatherby v. Sinclair, 43 Miss. 189); and the practice in the case at bar is within the spirit of section 628, Code of 1871.

*Judgment affirmed.*