## VALIER & SPIERS MILLING CO. v. FOOTE.

### In re J. F. HOWARD & CO.

(District Court, S. D. Mississippi, S. D. December 15, 1921.)

No. 485.

1. Bankruptcy ⬥184(2)—No lien under unrecorded contract retaining title in seller.

Where one who had sold flour to a bankrupt claimed a lien for the purchase money under a contract whereby it retained title, *held*, that there could be no lien where the contract was not recorded.

2. Bankruptcy ⬥168(2)—No lien where merchandise delivered to bankrupt for resale in usual course of business.

Where a seller of flour delivered it to the bankrupt for the purpose of resale in the usual course of business, the seller could retain no lien thereto, notwithstanding an unrecorded contract whereby the seller sought to retain title.

3. Bankruptcy ⬥188(2)—No lien against trustee as to property delivered for resale.

A vendor of personal property, held by a merchant or trader to whom he has delivered it for the purpose of being resold, has no lien thereon for the purchase money which he can assert against the trustee in bankruptcy of the buyer, in view of the Mississippi sign statute (Code Miss. 1906, § 4784).

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Bankruptcy ☞151—Trustee held vested with rights of creditor.**

The trustee in bankruptcy not only takes the title of the bankrupt, but is vested with all the rights of a creditor holding a lien by legal or equitable proceedings, and also a judgment creditor holding an execution duly returned and unsatisfied.

In Bankruptcy. Petition by the Valier & Spiers Milling Company against George M. Foote, trustee of J. F. Howard & Co., bankrupts. Decision of referee, denying petition, affirmed.

Gex, Dedeaux & Waller, of Gulfport, Miss., for petitioner.
C. R. Haydon, of Gulfport, Miss., for trustee.

HOLMES, District Judge. The firm of J. F. Howard & Co., prior to the filing of a voluntary petition in bankruptcy, was engaged in the wholesale grocery business in the city of Gulfport, and at the time the company was adjudicated a bankrupt it had on hand a certain lot of flour stored with other articles of merchandise in its place of business, which flour was manufactured by the petitioner, Valier & Spiers Milling Company. The trustee in bankruptcy took charge of the flour, together with other merchandise and personal property of the bankrupt, and sold the same at a public sale held under an order of the referee.

After the sale the Milling Company filed a petition in this cause, setting up that said flour had been sold by it to the bankrupt under a contract whereby it retained title to the same, and prayed that, if said property had been sold, the proceeds of said sale be paid over to it. To this petition the trustee filed an answer denying both the allegations of fact and the conclusions of law therein set forth.

Thereupon evidence was taken from which it appears that the petitioner contracted with the bankrupt to sell it flour at the market price, for which the bankrupt was to make weekly settlements; that the petitioner retained the right, in selling any of its flour outside of the territory of the bankrupt, to send such orders to the bankrupt which it would fill and ship from the stock then on hand, charging the petitioner 20 cents profit for each barrel so shipped, with the right to call upon petitioner to replace such flour at the price it had cost without regard to a change in the market.

The petitioner retained title to the flour and carried fire insurance thereon in its own name, but held Howard & Co. responsible for any losses on said flour resulting from all causes except fire. The referee denied the petition.

It is clear that the bankrupt was doing business as a trader in the city of Gulfport under the style and firm name of J. F. Howard & Co., with a sign displaying said firm name in front of its place of business, and that there was no sign showing that it was acting as the agent of any one in the sale of the flour or other merchandise which constituted the stock of goods.

The flour in question was used and acquired by the bankrupt in carrying on its business, and under the undisputed facts the bankrupt had

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the right to sell any part or all of said flour in the usual course of business. The contract relied upon by the petitioner was not recorded.

[1, 2] The petitioner had no lien for the purchase money on the flour, not only because it retained title thereto under an unrecorded contract, but because it delivered the flour to the bankrupt for the purpose of resale in the usual course of business. It is utterly inconsistent to retain title to personal property and at the same time to claim a lien thereon for the purchase money.

[3] But if this were not true, the vendor of personal property held for resale by a merchant or trader to whom he has delivered it for the purpose of being resold has no lien thereon for the purchase money which he can assert against the trustee in bankruptcy of the buyer. See In re Wright & Weissinger, 277 Fed. 514.

This case differs from the case last cited, however, in that by retaining title to the flour under a contract not recorded, and delivering it to a trader to be resold, under the circumstances above set forth, the petitioner brings the case squarely within the terms of the Mississippi sign statute, and obviates any discussion as to the applicability of Dodds v. Pratt, 64 Miss. 123, 8 South. 167, holding that the sign statute does not derange the priority of liens.

Section 4784 of the Code of 1906 is as follows:

"4784 (4234) *Business Sign, and What to Contain.*—If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words. and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

[4] The trustee in bankruptcy not only took the title of the bankrupt, but was vested with all the rights of a creditor holding a lien by legal or equitable proceedings and also a judgment creditor holding an execution duly returned unsatisfied. Gillaspy v. International Harvester Co., 109 Miss. 136, 67 South. 904.

An order will be entered, affirming the decisions of the referee.