### In re PURVIS.

### In re MISSISSIPPI FOUNDRY & MACHINE CO.

(District Court, S. D. Mississippi, Jackson Division. September 24, 1923.)

### No. 1451.

1. **Mechanics' liens** ⬅5, 73(3)—**Statute to be liberally construed, and contract need not be in writing.**

Code Miss. 1906, § 3058, giving a mechanic's lien for labor or material furnished for any structure or fixture, is liberally construed in favor of the mechanic or materialman, and it is not essential to the validity of the lien that his contract should be in writing.

2. **Bankruptcy** ⬅192—**Joinder by lien claimant in petition in bankruptcy held not waiver of lien.**

Code Miss. 1906, § 3058, gives the right to a mechanic's lien. Section 3062 provides for enforcement of such lien by suit in the state circuit court, to be commenced within one year. *Held,* that the lien is not de-

pendent upon the suit for its enforcement, nor is such remedy exclusive, and that a lien claimant, who had not commenced such suit, did not lose his lien by waiver or estoppel by joining in a petition in bankruptcy against the debtor before the year for commencing suit had expired.

3. **Bankruptcy ⚖️192—Valid mechanic's lien not affected by bankruptcy.**

A mechanic's lien, valid under the state law, is not affected by bankruptcy proceedings against the debtor, in view of Bankruptcy Act, § 67d.

4. **Bankruptcy ⚖️151—Trustee not necessarily given status of purchaser without notice.**

While a trustee by Bankruptcy Act, § 47a(2), as amended (Comp. St. § 9631a), is vested with the rights of a creditor holding a lien by legal or equitable proceedings, he is not necessarily given the status of a purchaser without notice.

5. **Bankruptcy ⚖️192—Under law of Mississippi trustee takes property subject to mechanic's lien.**

Under the law of Mississippi by which an execution creditor takes property subject to all valid liens thereon good against the debtor when the judgment was rendered, a trustee in bankruptcy takes subject to a mechanic's lien, which, under Code Miss. 1906, § 3058, takes effect from the date of the contract without recording except as to purchasers or incumbrancers for value without notice.

In Bankruptcy. In the matter of A. G. Purvis, bankrupt. On review of order of referee denying claim of Mississippi Foundry & Machine Company to mechanic's lien. Reversed.

Howie & Howie, of Jackson, Miss., for Mississippi Foundry & Machine Co.

R. H. & J. H. Thompson, of Jackson, Miss., for trustee.

HOLMES, District Judge. The Mississippi Foundry & Machine Company joined with three other creditors in the petition to have A. G. Purvis adjudicated an involuntary bankrupt. The claims of the other creditors were sufficient in amount to permit an involuntary adjudication. The petition recited:

"That your petitioners are creditors of the said A. G. Purvis having provable claims against him which amount in the aggregate in excess of the value and securities held by them to more than $1,000, and that neither of your petitioners is entitled to priority of payment on his said claim within the meaning of paragraph 64b of the Bankruptcy Law of 1898 [Comp. St. § 9648], nor has either of your petitioners received a preference within the meaning of paragraph 60a-b of such law as amended [Comp. St. § 9644].

"That the nature and amount of your petitioners' claim and the securities held by them are as follows: Your petitioner, C. M. Moter, has assignments covering lumber amounting to about 520,000 feet, of which only about 300,000 feet of the poorer grades can now be located, and that this applies to only a portion of his claim: that the Mississippi Foundry & Machine Company claims security against the mill erected at Pelahatchie, Miss., under a materialman's lien arising because of materials furnished and work done for the mill erected at Pelahatchie, Miss.; that the claim of the products company is for merchandise sold on open account; that the said A. G. Purvis is indebted to the petitioner, C. M. Moter, in the sum of $7,553.59, and to your petitioner the Mississippi Foundry & Machine Company in the sum of $506, and to your petitioner the North American Fibre Products Company in the sum of $77.50, and to your petitioners the Capital City Grocery Company in the sum of $1,308.55 on open account."

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

· It will be noted that the said machine company claimed security against material located at Pelahatchie, Miss., under a materialman's lien arising because of materials furnished and work done for the mill located at Pelahatchie, Miss.

The lien referred to is given by section 3058 of the Mississippi Code of 1906, which is as follows:

"3058. *Lien Declared.*—Every house, building or structure of any kind, and any fixed machinery, gearing or other fixture that may or may not be used or connected therewith, and every boat or other water craft, railroad or railroad embankment erected, constructed, altered, or repaired, shall be liable for the debt contracted and owing for labor done or materials furnished about the erection, construction, alteration, or repairs thereof; and such debt shall be a lien thereon from the time of making the contract. If such house, building, structure, or fixture be in a city, town or village, the lien shall extend to and cover the entire lot of land on which it stands and the entire curtilage thereto belonging; or if not in a city, town or village, the lien shall extend to and cover one acre of land on which the same may stand, if there be so much, to be selected by the holder of the lien. If the structure be a railroad or railroad embankment, the lien shall extend to and cover the entire roadbed and right of way, depots and other buildings used or connected therewith. Such lien shall take effect as to purchasers or incumbrancers for a valuable consideration, without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, in the office of the clerk of the chancery court."

[1] This statute is liberally construed in favor of mechanics and materialmen, and it is not necessary to the validity of the lien that the contract be in writing. Harrison v. Breeden, 7 How. (Miss.) 670; Buck v. Brian, 2 How. (Miss.) 874; Buchanan v. Smith, 43 Miss. 90; Weathersby v. Sinclair, 43 Miss. 189; Sharpe v. Spengler, 48 Miss. 360.

[2] The case is before me on petition to review the order of the referee denying the existence of the lien on the property in the hands of the trustee.

The referee, in his certificate, says:

"On November 5, 1920, the said A. G. Purvis was adjudged bankrupt upon the said petition, a copy of the adjudication being hereto annexed.

"On November 19, 1920, the said Mississippi Foundry & Machine Company filed its claim for $254.08, properly proven, with a fully itemized statement of material furnished and labor performed for the said Purvis in and about the erection, construction, alteration or repair of the sawmill of the said bankrupt at Pelahatchie, Miss., and the fixed machinery, gearing or other fixtures used in connection therewith aggregating the sum of $504.08, upon which the bankrupt had paid the sum of $250. All of said material was furnished and labor performed between May 8 and September 20, 1920. No question was raised as to the amount of said claim, or as to the material and labor not having gone into said building and fixtures at the times stated, but the lien for labor and material, which was asserted in said claim, and in the petition aforesaid, was controverted by the trustee.

"There were many hearings in said cause, and a vast amount of evidence taken, but the only facts developed having further bearing on the claim of said machine company were, that no suit was commenced by it in the state courts, before or after the filing of said petition in bankruptcy, to enforce said asserted lien, and that no written contract had been entered into relative thereto."

The referee denied the lien on two grounds. First, that it was waived by the Mississippi Foundry & Machine Company by the allegation in

the petition that "neither of your petitioners is entitled to priority of payment on his said claim within the meaning of section 64b of the Bankruptcy Law of 1898;" and, second, that the lien cannot be asserted against property in the hands of the trustee because no proceedings were instituted in the state court under section 3062 of the Mississippi Code of 1906 to enforce it. This section is as follows:

"3062. *Lien—How and When Enforced.* (Laws 1904, c. 152).—Any person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated, if the principal of his demand exceeds two hundred dollars, within twelve months next after the time when the money due and claimed by the suit became due and payable, and not after; and the suit shall be commenced by petition, describing with reasonable certainty the property upon which the lien is averred to exist, and setting out the nature of the contract and indebtedness, and the amount thereof; and the plaintiff shall file therewith in all cases, except where the whole work or materials, or both were furnished in pursuance of a written contract for an aggregate price, a bill of particulars exhibiting the amount and kind of labor performed, and of materials furnished, and the prices at which and times when the same were performed and furnished; and such suits shall be docketed and conducted as other suits in said court, and may be tried at the first term."

The referee further says in his certificate:

"We call attention to the recent decision of the Supreme Court of Mississippi, in the case of Campbell Paint & Varnish Co. v. Hall, Trustee, 131 Miss. 671, 95 South. 611 (paragraph 4, p. 644), to the effect that the statutory vendor's lien on personal property would be lost if no proceedings had been taken to enforce it before the filing of a petition in bankruptcy. The two liens, and the manner of enforcing them, are practically identical, the vendor's lien being general, while the mechanic's lien is special. And in the case of the vendor's lien it is not required that suit be filed in a particular manner in a certain court, but it is sufficient if the seller, who is about to begin suit for the purchase money of personal property, shall file with his declaration or evidence of debt an affidavit, etc. A proceeding in bankruptcy might be such a suit.

"All of the decisions of the Mississippi court are to the effect that, unless the suit to enforce the lien is commenced within the time allowed, the lien will be lost. The machine company had ample time within which to file its suit, but did not do so, and then joined with other creditors in doing the very thing which prevented further opportunity. That leads to the conclusion, since there were four petitioning creditors, two of whom, other than the machine company, had claims in excess of $500, that the machine company simply joined in the petition in an effort to recover what it had lost by negligence and delay."

Under the facts above stated there was no waiver of its lien by the petitioner, the Mississippi Foundry & Machine Company, and it is not now estopped to assert the same. Neither was it necessary to institute proceedings in the state court. The lien relied on as security is given by state statute and not created by state court proceedings. It is true a separate statute from that creating the lien provides a method of enforcing it, but one is not dependent on the other. The first fixes a right and the second affords a remedy. But the remedy in the state court is not exclusive. The lien is not of a class affected by the Bankruptcy Law.

**[3]** Section 67d is as follows:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary * * * to impart notice, shall, to the extent of such present consideration only, not be affected by this act." Comp. St. § 9651.

In Norris v. Trenholm, 31 Am. Bankr. Rep. 353, 209 Fed. 827, 126 C. C. A. 551, the Court of Appeals for the Fifth Circuit said, with reference to the Mississippi purchase-money lien:

"It was not a claim necessary to be recorded and no attack is made on it for fraud, so it is difficult to find any reason for saying that it is not a lien which is included in the class of liens 'not to be affected by this act.' Liens coming within section 67d are not dissolved by the proceedings in bankruptcy. It has been so decided by this court as to a landlord's lien created by statute (Martin v. Orgain [C. C. A. 5th Cir.] 23 Am. B. R. 454, 174 Fed. 772, 98 C. C. A. 246), and as to a contractor's or builder's lien for material furnished, the lien being given by statute. In re Georgia Handle Co. (C. C. A. 5th Cir.), 6 Am. B. R. 472, 109 Fed. 632. A lien for wages, created by statute, is not dissolved by the bankruptcy of the employer. In re Kirby-Dennis Co., 95 Fed. 116. And there are many cases cited in the text-books showing that liens like the one here considered—liens created by statute—are preserved by the act. Collier on Bankruptcy (8th Ed.) 769, 770; 1 Remington on Bankruptcy, §§ 1115-1160."

While it is true that in Norris v. Trenholm, supra, state court proceedings had been instituted within four months of the adjudication in bankruptcy, yet this is immaterial, as the lien relied on there was not of a class annulled by the Bankruptcy Act; that is, did not fall under section 67c.

If proceedings had been instituted in the state court to enforce the lien of the Mississippi Foundry & Machine Company, such proceedings would not have been avoided by a bankruptcy proceeding against the defendant in such suit; but, such proceedings not having been instituted, we have "a case of a bankruptcy court passing on an asserted lien on property of the bankrupt which was in his possession when the bankruptcy petition was filed," mentioned in Brown Shoe Co. v. Wynne (C. C. A.) 281 Fed. at page 808. The case of Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 95 South. 641, holds that proceedings in a state court to enforce a lien for purchase money given by a state statute which accrued more than four months before bankruptcy proceedings were not affected thereby.

It is true, Judge Anderson, in rendering the opinion in that case, said:

"It should be borne in mind that under the facts of this case, when the petition in bankruptcy was filed, appellant, for the purpose of enforcing his lien, which accrued more than four months theretofore, had had, in accordance with the statute said goods seized by the sheriff and separated from the balance of the stock of said bankrupt; that therefore it is not a case where at the time of the bankruptcy proceedings the seller has taken no steps to enforce his lien, and the goods on which he claims a lien are part and parcel of the stock of merchandise found in possession of the bankrupt. *In the latter case, under the amendment of 1910—subdivision 2, subsec. (a) of section 47—of the Bankruptcy Act (U. S. Comp. St. § 9631), giving trustees all the rights, powers, and remedies of a creditor holding a lien, it seems clear that the trustee would take the goods freed from the purchase-money lien.* Collier on Bankruptcy (12th Ed.) vol. 1, pp. 716, 727, 728, and 729; In re

Wright & Weissinger, Bankrupts (D. C.) 277 Fed. 514, 47 Am. Bankr. Rep. 283; Milling Co. v. Foote Trustee (D. C.) 277 Fed. 519, 47 Am. Bankr. Rep. 501. (But, as we understand, that is a federal question.)

"While in the former case (which is the present case) we hold that the lien of the seller of the goods, is paramount to the rights of the trustee in bankruptcy. We are unable to see how such a holding will result in marring the usefulness and efficiency of the Bankruptcy Act."

But the part of that opinion which I have underscored was dictum on a subject considered by the writer a federal question. It appearing, therefore, that the Mississippi Foundry & Machine Company had a lien for its debt created by a state statute, but to enforce which no court proceedings were instituted, it remains only to be inquired whether the trustee would take title to the property freed from such lien under the amendment of 1910—subdivision 2, subsection (a), of section 47 of the Bankruptcy Act (Comp. St. § 9631)—giving trustees all the rights, powers and remedies of a creditor holding a lien by legal or equitable proceedings thereon.

It must be remembered that in the case of Campbell Paint & Varnish Co. v. Hall, supra, it was a purchase-money lien sought to be enforced against part of a stock of goods held for resale which had been seized under a writ from the state court, and consequently the bankruptcy court never acquired jurisdiction of that particular property, as the jurisdiction of the state court was exclusive. Brown Shoe Co. v. Wynne (C. C. A.) 281 Fed. 807.

In Valier & Spiers Milling Co. v. Foote (D. C.) 277 Fed. 519, the seller retained title under an unrecorded contract, and the Mississippi sign statute cut him off.

[4] Under the amendment of 1910 the trustee no longer stands in the shoes of the bankrupt. He may attack the validity of any lien which a creditor holding a lien by legal or equitable proceedings might have attacked. It puts the trustee in the position of a lien creditor, but does not necessarily give him the status of a purchaser without notice. In re Superior Drop Forge & Manufacturing Co. (D. C.) 208 Fed. 813.

[5] We look, therefore, to the Mississippi statutes and decisions to ascertain if a lien creditor is subject to a prior materialman's lien. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1058; Matter of Floyd-Scott Co. (D. C.) 35 Am. Bankr. Rep. 463, 224 Fed. 987; Hoyt v. Zibell, 43 Am. Bankr. Rep. 538, 259 Fed. 186, 170 C. C. A. 254; Matter of Bonk (D. C.) 46 Am. Bankr. Rep. 389, 268 Fed. 1012.

We find that a judgment creditor takes in execution the property of his debtor subject to every liability under which the debtor himself held it at the time of the rendition of the judgment, and subject to all equities which existed at the time in favor of third persons, except where otherwise provided by statute. Walton v. Hargroves, 42 Miss. 18, 97 Am. Dec. 429; Foute v. Fairman, 48 Miss. 536; Candler v. Cromwell, 101 Miss. 161, 57 South. 554.

The section creating the materialman's lien provides that it shall take effect as to purchasers or incumbrancers for a valuable consideration without notice thereof only from the time of commencing suit to enforce the lien or from the time of filing the contract under which the lien arose, in the office of the chancery clerk. As to all other parties

it takes effect from the date of the contract, which, as we have seen, does not have to be in writing or recorded. The trustee in bankruptcy is not a purchaser or incumbrancer for value without notice, and consequently took title subject to the lien. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1643, par. "e."

The decision of the referee is reversed, and an order may be entered in accordance herewith.